UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terence Myers, | ) | C/A No. 5:15-cv-00057-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden T. Raily; | ) | |
| Sgt. McMorris; | ) | |
| Capt Glenn; | ) | |
| Capt Cannon; | ) | |
| Lt Craig; | ) | |
| Corp Pugh; | ) | |
| Corp Tucker; | ) | |
| Assoc Warden Caldwell, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual and Procedural Background

Terence Myers ("Plaintiff") is an inmate at the Tyger River Correctional Institution, part of the South Carolina Department of Corrections ("SCDC"). In the Complaint submitted to open this case, Plaintiff alleges that SCDC officials "intentionally" misplaced various items of his personal property, including letters from Plaintiff's family, a Bible, a family tree, legal and self-help material, school work, a grievance file and motion for discovery, an address book, and songs and a book that Plaintiff wrote, when he was transferred from his regular cell to segregated

1

confinement on January 25, 2014. Compl. 4, ECF No. 1. Plaintiff alleges that he sought assistance from the Defendants in an attempt to find and retrieve his property, but that they have all failed to return it to him. *Id.* at 5-7; ECF No. 1-2 at 4. Plaintiff asserts that the intentional deprivation of his personal property without due process subjected him to cruel and unusual punishment, violated his First, Fourth, and Fifth amendment rights, and denied him equal protection. ECF No. 1-2 at 5. Plaintiff seeks damages and injunctive relief. ECF Nos. 1 at 2; 1-2 at 6.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is

subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

### III. Discussion

#### A. Plaintiff's Complaint

Plaintiff's claim about the alleged the loss of his personal property is not properly before this federal court as a constitutional due-process claim under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983[1] because Plaintiff has an adequate state-court remedy for such personal-property issues under the South Carolina Torts Claim Act ("SCTA"). *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg*, 519 F. 3d 216, 230-31 (4th Cir. 2008). The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable post-deprivation remedy for the loss of personal property — even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986).[2] This holding applies regardless of whether the inmate's property loss was the result of negligence or an intentional act of the state employee or employees. *Hudson v. Palmer*, 468 U.S. at 533 (extending the holding of

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996) (emphasis added).

[2] *Yates* has been partially overruled for cases in which plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *Plumer v. Maryland*, 915 F.2d 927, 929-32 & nn.2-5 (4th Cir. 1990); *see also Zinermon v. Burch*, 494 U.S. 113 (1990). Nevertheless, the holding in *Yates* is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of tangible personal property.

*Parratt v. Taylor*, 451 U.S. 527 (1981) to intentional deprivations of property); *see also Bogart v. Chapell*, 396 F.3d 548, 557 n.7, 561 (4th Cir. 2005) (South Carolina has meaningful post-deprivation remedies of "conversion/trespass to chattels" for personal property loss caused by county employees).

Under South Carolina law, Plaintiff's claims relating to lost or destroyed personal property are cognizable under the SCTA. *See* S.C. Code Ann. §§ 15-78-10 through 15-78-220. The provisions of the SCTA encompass both negligent and intentional losses of property proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision of the state while acting within the scope of his or her employment. *See* S.C. Code § 15-78-70(a) ("This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity."). Accordingly, Plaintiff's claims relating to his personal property are cognizable under the SCTA because SCDC is a state agency and Defendants' actions taken in the course of their work as employees or officials of SCDC are covered by the Act. To institute a claim under the SCTA, Plaintiff can file a verified claim of his alleged personal property loss with SCDC as required under the Act. S.C. Code § 15-78-80(a)(1) ("A verified claim for damages under this chapter, setting forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained may be filed . . . with the agency employing an employee whose alleged act or omission gave rise to the claim . . . .").

Furthermore, to the extent that Plaintiff's allegations of "cruel and unusual punishment" arising from the property loss, ECF No. 1 at 4; ECF No. 1-2 at 5, may be construed as an attempt to state a § 1983 claim based on the Eighth Amendment to the United States Constitution, no plausible claim is stated against any Defendant. *See Rhodes v. Chapman*, 452 U.S. 337, 346-47

(1981) (only deprivations of "basic human needs" or "of the minimal civilized measure of life's necessities" trigger the Eighth Amendment proscription against cruel and unusual punishment."); *Thomas v. N.M. Corr. Dept.*, 272 F. App'x 727, 730 (10th Cir. 2008) (finding that corrections officer's intentional destruction of prisoner's personal property after refusing his request to mail it home at his own expense did not amount to cruel and unusual punishment). Additionally, Plaintiff fails to state a plausible claim under the First Amendment based on the loss of his Bible, ECF No. 1 at 6; ECF No. 5, because there are no factual allegations showing that Defendants have made it impossible for him to obtain a replacement Bible to read or use in worship or have otherwise restricted him in the exercise of his religion. *See Peterson v. Lampert*, 499 F. App'x 782, 785-86 (10th Cir. 2012) (plausible First Amendment claim requires factual allegations showing prevention of or placing a substantial burden on the free exercise of religion; negligent or intentional loss of a Satanic bible does not violate First Amendment or the Religious Land Use and Institutionalized Persons Act "RLUPIA"); *see also Tarpley v. Allen Cnty., Ind.*, 312 F.3d 895, 898-99 (7th Cir. 2002) (no First Amendment violation in preventing prisoner from possessing a Bible in his cell where he had other opportunities to exercise his religion at the institution). Finally, Plaintiff fails to state a plausible claim under the Fourth Amendment, ECF No. 1-4 at 5, because "'the prohibition against unreasonable searches and seizures does not apply to a prison cell'" and, as previously discussed, Plaintiff has an adequate post-deprivation remedy for the lost property under the SCTA. *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 509 (S.D.N.Y. 2012) (quoting from *Hudson v. Palmer*, 468 U.S. at 526); *see also Shorter v. Lawson*, 403 F. Supp. 2d 703, 707 (N.D. Ind. 2005) (same). In absence of any other potential basis for the exercise of federal jurisdiction evident from the face of the Complaint, Plaintiff's Complaint should be summarily dismissed without service on Defendants.

B.     Motion for Preliminary Injunction or Temporary Restraining Order

Because Plaintiff's Complaint fails to state a plausible federal claim against any Defendant, he cannot show any "likelihood of success of the merits" of this case. As a result, it is further recommended that this court deny the Motion for Preliminary Injunction or Temporary Restraining Order that Plaintiff filed subsequent to the filing of the Complaint. ECF No. 16. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

IV.     Recommendation

Accordingly, it is recommended that the district court deny the Motion for Preliminary Injunction or Temporary Injunction and dismiss the Complaint in this case *with prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

March 9, 2015                                                                 Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).