UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terence Myers, | ) | C/A No.  5:15-57-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden T.  Raily; Sgt. McMorris; Capt. Glenn; | ) | |
| Capt. Cannon; Lt. Craig; Corp. Pugh; | ) | |
| Corp. Tucker; Assoc. Warden Caldwell, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Terence Myers, is an inmate with the South Carolina Department of Corrections ("SCDC").  He brings this action pursuant to 42 U.S.C. § 1983 claiming that SCDC officials intentionally misplaced various items of his personal property when he was transferred from his regular cell to segregated confinement.   Plaintiff asserts that the intentional deprivation of his personal property without due process subjected him to cruel and unusual punishment, violated his First, Fourth, and Fifth Amendment rights, and denied him equal protection.   He seeks damages and injunctive relief.

The  Magistrate  Judge  assigned  to  this  action[1]  has  prepared  a  Report  and

---

[1]  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

Recommendation and opines that this action should be dismissed because the plaintiff fails to state a plausible federal claim against any defendant. The Magistrate Judge also recommends that the plaintiff's motion for a preliminary injunction or temporary restraining order be denied. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on March 9, 2015. The plaintiff filed objections to the Report, as well as a motion to amend the complaint and a motion to appoint counsel, which the court will address herein.

Plaintiff seeks to amend his complaint to add to the original complaint the Step One and Step Two Grievances he filed with the SCDC. The court will grant this motion, in part, (ECF No. 24) so that such documentation is now made part of the record. It is denied in all other respects and to the extent that the plaintiff seeks to add new parties or claims.

In his objections to the Report, plaintiff reiterates the claims made in his original complaint, contending that the deprivation of his personal property has "caused the communications with his family to [be] cut off" and that "he has not been able to contact his family for more than a year, and has caused mental illness." Plaintiff then asserts that the action should not be dismissed because he has no experience in the law, but that "he knows when he has been done wrong." He does not specifically address any of the findings of the Magistrate Judge.

As an initial matter, the Magistrate Judge correctly opines that the plaintiff has an adequate state court remedy for such personal property issues under the South Carolina Tort Claims Act.  See *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008); and S.C. Code Ann. §§ 15-78-10 through 15-78-220.

To the extent that plaintiff's allegations of "cruel and unusual punishment" as a result of the alleged property loss may be construed as an attempt to state a § 1983 claim based on the Eighth Amendment, no plausible claim is stated against any of the named defendants. The Magistrate Judge also finds that the plaintiff has failed to state a plausible claim under the First or Fourth Amendments.  The court agrees with the Magistrate Judge on this issue. Accordingly, the complaint is dismissed with prejudice.

With regard to the plaintiff's motion for a preliminary injunction or temporary restraining order, the Magistrate Judge suggests, and this court agrees, that because the plaintiff fails to state a plausible federal claim, he cannot show the likelihood of any success on the merits of his case.  The plaintiff has an adequate state remedy available to address his allegations against the defendants in state court.  Plaintiff's motion for a preliminary injunction or temporary restraining order is denied (ECF No. 16).   Along this reasoning, Plaintiff's motion for appointment of counsel is denied as well (ECF No. 25).

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, this court finds that the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct

3

principles of law.  The Report is adopted and incorporated herein by reference.

Accordingly, this action is dismissed with prejudice and without issuance and service of process.

IT IS SO ORDERED.

April 15, 2015                                    Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge

4